LOUIS DESFORGE *vs.* AMERICAN-BRITISH HOME BUILDING ASS'N., *et al.*

ELIZABETH DESFORGE *vs.* SAME.

JULY 25, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. These cases are actions of trespass on the case, one brought by a husband and the other by his wife, each against two defendants sued jointly but not under general laws 1923, chapter 333, sec. 20, which permits a plaintiff, when in doubt as to the person from whom he is entitled to recover, to join two or more defendants for the purpose of ascertaining which, if either, is liable.

Each defendant demurred to the plaintiff's declaration in each case on substantial grounds. A justice of the superior court sustained said demurrers on some grounds and overruled them as to other grounds. The plaintiffs then duly prosecuted their bills of exceptions to this court, and the correctness of the ruling of the trial justice in sustaining said demurrers on certain grounds is now before us.

The declarations, which are similar as far as the averments relating to liability are concerned, each contain four counts. The first count in each declaration alleges in substance that on January 4, 1938, and for a long time prior thereto, the defendant American-British Home Building Association, a corporation, was the owner of a certain building known as the American-British Hall situated in the city of Pawtucket in this state, which hall was a place of public resort where people in great numbers gathered for entertainments and the like; that on said date, and for a long time prior thereto, said building was "unsafe, unfit and dangerous" for public gatherings because it was not equipped with proper exits or

other means of escape in case of fire or other disaster therein; and that the defendants knew of this condition and the dangers therefrom, or in the exercise of due care should have known.

The said first count then further sets out that in December 1937, with knowledge of the said alleged defects, the said defendant association rented and the defendant Supreme Council of the Royal Arcanum, a corporation, hired said premises for the purpose of holding therein a public card party on the evening of January 4, 1938, in order to further the objects of the said last-named defendant; that the party was so held and the public was invited to attend by said defendant; that the plaintiff Elizabeth paid the admission price to said party which she attended in the premises in question; that about two hundred other persons were there also; that she was in the exercise of due care at all times; that during the party an alarm of fire was given and smoke entered the hall where the party was in progress, causing those present to become panic stricken in their efforts to find a way out of the building because of the lack of exits and proper means of escape; and that such panic-stricken persons forced the plaintiff Elizabeth against a wall and out of a window, causing her to fall thirty feet to the ground and thereby inflicting the injuries of which she now complains.

The second count in each declaration alleges in substance that the first-named defendant owned, managed and controlled the building in question; that it was used by the public as set out in the first count; that it was rented to the other defendant for the purpose described in said count and was so used by it on January 4, 1938; that a fire occurred in the building at that time; that the persons therein became terror stricken; that the plaintiff Elizabeth was then present having paid the price of admission; that it was the duty of the defendants to "exercise due care in the premises, and to

have said building suitably supervised with respect to fire hazard", so that the plaintiff Elizabeth, while in the exercise of due care, would not be exposed to the dangers of unnecessary fire hazard; and that the defendants carelessly, recklessly and negligently failed to carry out said duty, as a consequence whereof the plaintiff Elizabeth was injured as described in said first count.

The third count in each declaration is similar to the second count, except that said third count alleges the duty of the defendants to the plaintiff Elizabeth to be, "to exercise due care in the premises, and to have said building suitably policed with respect to fire and panic hazards", so that said plaintiff, while in the exercise of due care, "would not be exposed to the dangers of unnecessary violence". A breach by the defendants of this alleged duty was then charged in said third count.

The fourth count in each declaration is in general similar to the second and third counts. In said fourth count, however, it is alleged that it was the duty of the defendants to the plaintiff Elizabeth "to exercise due care in the premises, and to provide reasonable and proper exits from said building in anticipation of fire or panic." This allegation is then followed by one setting out a breach of said alleged duty.

The defendants demurred separately to each count of the declarations, alleging numerous grounds of demurrer. The bills of exceptions of the plaintiffs are similar, each setting out exceptions to the ruling of the justice of the superior court in sustaining the demurrers of the.defendants to each count of the plaintiffs' declarations on various and different grounds, which in the aggregate total twenty-three in each case. These grounds, however, may be grouped roughly into four classes: First, an alleged improper joinder of the defendants; second, an alleged failure to set out in sufficient detail the way or manner in which the defendants failed to

do or perform certain alleged duties; third, allegations of duty on the part of the defendants toward the plaintiff Elizabeth which are claimed to be improper; fourth, a failure on the part of the plaintiffs to set out how they had been "otherwise damnified".

The question of whether or not the defendants can properly be sued jointly is the chief issue raised by the demurrers. The plaintiffs contend that the first count in each declaration differs from the remaining three counts therein. An examination of the counts supports this contention. In our opinion, the last three counts in each declaration are based entirely on different charges of negligence against the defendants.

On the other hand, the first count in each declaration can be construed, as the plaintiff argues it should be, as alleging that the defendants were guilty of maintaining what amounted to a nuisance based on negligent conduct on their part, in that the building in question was unsafe, unfit and dangerous for public gatherings for a stated reason, and in that the defendants, at the time of the occurrence in question, knew of this condition and its dangers, or, in the exercise of due care, should have known.

In *Joyce* v. *Martin,* 15 R. I. 558, relied on strongly by the plaintiffs, it appeared that one owning a defective wharf used in connection with a place of public resort, and knowing of the defect, leased it to another who learned of the defect soon after, and who continued to use the wharf in its known defective condition. The plaintiff was injured by the defect. On demurrer to the second count of that declaration, which count apparently was similar in principle to the first counts in the instant cases, it was held that the lessor and the lessee could be sued jointly. Thereafter, in *Henson* v. *Beckwith,* 20 R. I. 165, this court evidently took the view that the conditions set out in the second count of the declara-

tion in *Joyce* v. *Martin, supra,* amounted to an allegation of a nuisance. See also *Keeler* v. *The Lederer Realty Corp.,* 26 R. I. 524.

Upon consideration, we are of the opinion that the validity of the first count in the declarations now before us, on the issue of joinder of the defendants, is governed by the decision of this court in *Joyce* v. *Martin, supra.* As to such first counts, therefore, we hold that the defendants are properly joined, and that it was error for the justice of the superior court to sustain the demurrer of each defendant to the first count in each case on the ground that the defendants were improperly joined therein. The plaintiff's exception to such ruling is sustained in each case.

A different situation exists as to the remaining three counts in each declaration. We have held that these counts charge the defendants with negligence not amounting to a nuisance. We have also indicated that the defendants are not joined under the so-called "doubt" statute, but are joined in said three counts as ordinary joint tort feasors. Under such circumstances this court has consistently, for many years, adhered to the more restricted view in connection with permitting defendants to be sued jointly, regardless of what may be the rule in other jurisdictions. In *Bennett* v. *Fifield, T. T.,* 13 R. I. 139, it was held that there must be a community of wrongdoing between tort feasors in order to make it possible to declare against them jointly. This community of wrongdoing is necessary even though the tort of one defendant might be such that, without said tort, the neglect of duty charged upon the other defendant would not have followed. *Cole* v. *Lippitt,* 22 R. I. 31. In *Mason* v. *Copeland,* 27 R. I. 232, at page 234, the court stated: "The case does not present the concurrence of intention in the commission of a tort which is necessary to make a joint tort; the mere unintentional concurrence of the acts of two distinct parties resulting in damage to the plaintiff does not

give him an action against the parties jointly, but a separate action against each of them." This holding was affirmed in *Besharian* v. *Rhode Island Co.*, 41 R. I. 94.

The plaintiffs argue that the requirements of the above cases, namely the necessity for "community of wrongdoing" or "concurrence of intention" on the part of said defendants, have been met by the allegations of the counts of the declarations under consideration. We cannot agree with their contention. In our judgment, it would appear that the duties alleged in the said three counts, if proper at all, applied separately to one defendant or to the other, as the case might be, but not to both jointly. Generally speaking, the duties of the owner and of the lessee of a building toward an invitee therein are not necessarily the same, but differ as the facts and circumstances may appear. We find, therefore, that the justice of the superior court ruled correctly when he sustained the demurrer of each defendant to the second, third and fourth counts of the declarations on the ground that the defendants named therein were improperly joined. The exception of each plaintiff to such decision of said justice is overruled.

The next class of grounds of demurrer for consideration is that relating to the alleged insufficient way or manner in which the plaintiffs have set out the failure of the defendants to perform their certain duties as described in the various counts of the declarations. The defendants contend, in substance, that the plaintiff in each declaration has failed to set out said way or manner in sufficient detail and particularity. The plaintiffs maintain that the allegations on this point in the various counts are proper. By reason of our holding that the second, third and fourth counts of the plaintiffs' declarations cannot stand as drawn and are demurrable because of the improper joinder of the defendants therein, we deem it necessary to consider the matter of suf-

ficiency of detail and particularity, above referred to, only in so far as the first count of the declarations is concerned.

The justice of the superior court sustained the demurrer of the defendant Supreme Council of the Royal Arcanum to each of said first counts on the ground that "said count does not set forth in what way or manner the exits and other means of escape from said building were not proper or adequate." It is settled that a plaintiff is not obliged to set out in his declaration evidentiary matters, or details of matters pleaded generally such as might possibly furnish the grounds of a motion on the part of a defendant for a bill of particulars.

In cases involving negligence ordinarily a general statement of the negligence charged and the facts upon which it rests is sufficient. The declaration should, of course, be specific enough to give the defendant fair notice of the claim he is required to defend. In *Lee* v. *Reliance Mills Co.,* 21 R. I. 322, the court held as follows at page 323: "The rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and to this end the allegations should be as precise and definite as the nature of the case will reasonably permit." See also *Kelly* v. *Davis,* 48 R. I. 94.

Upon consideration, we are of the opinion that the first count in each of the declarations in the instant cases, reasonably meets the above general rule of pleading. See *Brown* v. *Batchellor,* 29 R. I. 116. The allegations in said counts are general but, in our judgment, sufficiently apprise the defendants, one of whom was the owner of the building in question, and the other of whom had hired it and was occupying it at the time of the occurrence described in the declarations, of the nature and basis of the plaintiffs' claims. We find, therefore, that the justice of the superior court was

in error in sustaining the demurrer of the defendant Supreme Council of the Royal Arcanum to the first count of each declaration on the ground above indicated. The exception of the plaintiff in each case to such ruling is sustained.

In view of our decision that the second, third and fourth counts of the declarations are demurrable because the defendants are improperly joined in said counts, we consider it unnecessary, at this time, to pass upon other grounds of demurrer which were sustained as to those counts by the justice of the superior court. Such grounds make up the third class of grounds of demurrer hereinbefore referred to, and relate to the nature of the allegations of duty on the part of the defendants toward the plaintiff Elizabeth. For the same reason we are not now called upon to determine the correctness of the ruling of said justice in sustaining the demurrer of the defendant American-British Home Building Association to the third count of each of the declarations on the ground that the breach charged therein did not conform to the language of the duty alleged.

The justice of the superior court also sustained the demurrer of the defendant Supreme Council of the Royal Arcanum to certain counts of the declarations on the ground that said counts did not set forth in what way or manner the plaintiff therein had been "otherwise damnified" in consequence of the alleged negligence of the defendants. The above-named defendant, in its brief and argument, waived and withdrew said ground and admitted that it was not a valid and proper ground of demurrer. In view of said defendant's position in this connection, the plaintiff's sixth, seventh and eighth exceptions to the said ruling are sustained in each case in so far as they are based on said ground.

In each case the first and fifth exceptions of the plaintiff are sustained; and the sixth, seventh and eighth exceptions of the plaintiff are sustained in part, as above set forth.

The other exceptions of the plaintiff are either overruled or not passed upon, as indicated. Therefore the cases are remitted to the superior court for further proceedings.

*Thomas L. Carty*, for plaintiffs.

*Benjamin M. McLyman*, for American-British &c.

*Henry D. C. Dubois, Arthur Cushing*, for Supreme Council of the Royal Arcanum.